UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNESTINE WARD,

      Plaintiff,

  v.

EMPIRE VISION CENTERS, INC.,

      Defendant.

DECISION & ORDER

08-CV-6204L

---

  By order dated August 5, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 5). Plaintiff Ernestine Ward has filed suit under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, alleging discrimination on the basis of her age and that defendant has retaliated against her for having complained of such discrimination. (Docket # 1). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 6).

  Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel. *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). In determining whether to appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to

obtain counsel. *Id.* at 61. *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel). If not, the court then must consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61-62. Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. (citing *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981)).

For the purposes of this motion, the Court will accept plaintiff's representation that she is unable to afford private counsel. The Court is unable to ascertain, at this early stage of the litigation, whether plaintiff's claims likely have merit. In any event, plaintiff has failed to demonstrate that her case is complex or that she will be unable to litigate adequately her claims without assistance of counsel. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel **(Docket # 6)** is **DENIED** without

prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       August  11 , 2008